THOMAS I. ARNOLD v. McCULLOUGH GENTLE TRUCKING COMPANY, INCORPORATED, ET AL.

Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Rosenkrans & Rosenkrans*.

*Contra, William E. Holmwood* and *Raymond E. Taylor*.

PER CURIAM.

The plaintiff instituted the present suit against the McCullough Gentle Trucking Company and one Schadell to recover compensation for damage done to his automobile in colliding with a car of Schadell's, the collision resulting, as he claimed, from the joint negligence of the driver of the trucking company, and the driver of the Schadell car. When the case was moved for trial the plaintiff consented to enter a judgment of nonsuit as to Schadell, and the trial proceeded with the trucking company as the sole defendant. The jury returned a verdict of no cause of action, and the plaintiff thereupon applied for and obtained the present rule. The only contention made before us is that the verdict of the jury was contrary to the weight of the evidence.

The accident occurred on a stormy night, at a little after seven o'clock, in March, 1926, upon the Paterson Plank road,

not far from Lyndhurst. The plaintiff's automobile was being driven by his chauffeur from New York to Paterson over this highway. There are trolley tracks on each side of this road, the driveway for motor and other vehicles being between these tracks. While plaintiff's chauffeur was traveling along the highway at a rate of thirty to thirty-five miles per hour, he suddenly observed some thirty-five or forty feet in front of him the truck of the defendant company, which was at a standstill and close to the trolley tracks which were on the right of the plaintiff's driver. The truck had no lights burning. The headlights upon plaintiff's car were turned on. When the plaintiff's driver observed the truck he swung to the left in an attempt to go around it, but before he had cleared the truck he collided with the automobile of Schadell, which was approaching from the opposite direction, and which he had failed to observe, although the headlights thereof were both burning. The jury's finding in favor of the defendant upon a consideration of the facts recited presumably was based upon the ground that the accident occurred partly at least by reason of the negligence of the plaintiff's driver in traveling at a rate of speed which was excessive under the conditions then existing; on his failure in not having sooner discovered the standing truck, although his own headlights were burning, and also in not having observed the approach of the Schadell car before swinging out into its path, notwithstanding that the headlights on the latter car were also burning. We cannot say that a finding of contributory negligence on the part of plaintiff's driver based upon these facts was against the clear weight of the evidence. On the contrary, in our opinion, this finding was clearly justified.

The rule to show cause will be discharged.